## Jacob Doeppenschmidt v. International & Great Northern Railroad Company.

Decided May 30, 1907.

**1.—Johnson Grass—Pleading.**

The allegations of a petition seeking damages, actual and exemplary, for injury to plaintiff's premises by Johnson Grass permitted to mature on the premises of a railway company and to spread by washing over plaintiff's land, are held to present the facts with sufficient particularity as against special exceptions.

**2.—Same—Constitutional Law—Case Overruled.**

The statute on the subject of Johnson Grass permitted to mature on and spread from the premises of a railway is held constitutional, following the ruling herein on certified question (100 Texas, 532), and overruling Gulf, C. & S. F. Ry. Co. v. Stokes, 91 S. W. Rep., 328.

Appeal from the District Court of Comal County. Tried below before Hon. L. W. Moore.

*F. J. Maier*, for appellant.—The Johnson Grass Statute, so far as it prohibits Johnson grass and fixes penalties and damages, is

embraced in the subject of the Act. That part of the statute which permits a person to recover "such additional sum as he may have been damaged" by reason of Johnson grass maturing or going to seed on the right of way, is embraced in the subject of the Act and is constitutional. The title of the statute is an Act to prohibit maturing Johnson grass seed. Texas Laws of 1901, 283; Texas Const., art. III, sec. 35; Giddings v. San Antonio, 47 Texas, 548; Stone v. Brown, 54 Texas, 330; Ex parte Mabry, 5 Texas Crim. App. 93; Johnson v. State, 9 Texas Crim. App., 249; Sun Mut. Ins. Co. v. New York, 4 Seld., 241; Cooley on Const. Lim. (4th ed.), 176; Tadlock v. Eccles, 20 Texas, 783; Durein v. Pontious, 34 Kans., 353; Werner v. Edmiston, 24 Kans., 147; Gayle v. Owen, 83 Ky., 61; Flower v. Witkovsky, 69 Mich., 371; People v. Lanning, 73 Mich., 284; Poffenbarger v. Smith, 27 Neb., 788; Commonwealth v. Watson, 2 Pa. Dist., 526; Blumenthal v. Huerter (Ill.), 3 N. E. Rep., 425.

The court erred in sustaining the defendant's first special exception, because the allegations in plaintiff's pleadings show negligence on part of the defendant.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher* (*N. A. Stedman* and *J. M. King,* of counsel), for appellee.—The Act of April 18, 1901, entitled "An Act to prohibit railroad and railway companies or corporations in this State from permitting Johnson grass or Russian thistles from going to seed upon their right of way, and fixing a penalty," is unconstitutional insofar as the same purports or attempts to authorize the recovery of damages in addition to the penalty fixed therein, the subject of damages not being expressed in the caption of the Act, as required by the Constitution of the State. Plaintiff was therefore without right to recover damages alleged to have been caused by Johnson grass; and the general demurrer was properly sustained. International & G. N. R. R. Co. v. R. R. Commission, 99 Texas, 332; Gulf, C. & S. F. Ry. Co. v. Stokes, 91 S. W. Rep., 328; San Antonio & A. P. Ry. Co. v. Burns, 99 Texas, 154; State v. Baum, 33 La. Ann., 981; Walker v. State, 49 Ala., 329; Carr v. Thomas, 18 Fla., 736; Ex parte Thomason, 16 Neb., 238; Davey v. Ruffell, 162 Pa., 443; Fidelity Co. v. Shenandoah V. Ry. Co., 86 Va, 1; In re Goode, 3 Mo. App., 226; Pierie v. Philadelphia, 139 Pa., 573; Gackenbach v. Lehigh County, 166 Pa., 448; Mewherter v. Price, 11 Ind., 199; State v. Pierson, 44 La. Ann., 90; Fidelity Insurance Co. v. Shenandoah Iron Co., 42 Fed. Rep., 372; Randolph v. Builders Supply Co., 106 Ala., 501; Appeal of Dorsey, 72 Pa., 192; McKeever v. Victor Oil Co., 9 Pa. Co. Ct. R., 284; Mayer v. Gahalin, 5 Sawy., 355; Van Houten v. People, 22 Colo., 53; Savannah. F. & W. Ry. Co. v. Geiger, 21 Fla., 669, 58 Am. Rep., 697; Wilkerson v. Belknap Sav. Bank, 52 Kan., 718; Norman v. Curry, 27 Ark., 440; Taylor v. Kirby, 31 Ill. App., 658; City of Chicago v. Beck, 44 Ill. App., 47; State ex rel. Hixon v. Shofield, 41 Mo., 39; Smails v. White, 4 Neb., 353; Webster v. Powell, 36 Fla., 703; National Bank of Augusta v. Southern Porcelain Mfg. Co., 55 Ga., 36; Johnson v. Jones, 87 Ga., 85; Chiles v.

Munroe, 61 Ky. (4 Metc.), 72; Niles v. Schoolcraft Circuit Judge, 102 Mich., 328; Sheasley v. Keens, 48 Neb., 57; Falkner v. Dorland, 54 N. J. Law (25 Vroom), 409; Ex parte Gayles, 108 Ala., 514; Dempsey v. State, 94 Ga., 766; Foley v. State, 9 Ind., 363; Gillespie v. State, 9 Ind., 380; Byrne v. State, 47 Ind., 120; State v. Demouchet, 40 La. Ann.. 205; In re Snyder, 108 Mich., 48; State v. Silver, 9 Nev. 227.

KEY, Associate Justice.—This appeal involves the correctness of rulings of the trial court in sustaining a general demurrer and certain special exceptions to the plaintiff's petition. Omitting certain formal parts, the petition reads as follows:

"The plaintiff, Jacob Doeppenschmidt, is now and for many years has been the owner and possessor in fee simple of a farm of about 600 acres of land in Comal County, Texas, about two miles southwest of the town of Hunter, which farm is known as the Doeppenschmidt farm. A portion of said farm is in pasture and a portion of said farm is in fields, in a high state of cultivation, and used for agricultural purposes, and the railroad, which is owned and operated by the defendant, extends through said farm. On the said cultivated farm land the plaintiff has 94 acres situated on the southwest side of the I. & G. N. R. R. track and right of way, and is in two fields. One of said fields contains 30 acres and is bounded on the northwest by the I. & G. N. R. R. right of way, on the northeast by the C. Rheinlander land, on the southeast by the Weiss land, and on the southwest by the Crawford land. The other field contains sixty-four acres and is bounded on the southwest by the old Nacogdoches road, and on the southwest by the aforesaid C. Rheinlander land, and on the northwest by the I. & G. N. R. R. right of way. That the said two fields contain 94 acres of rich black land in a high state of cultivation, in which large crops of agricultural products could heretofore be raised, and were nearly level, with a very slight slope. The said 94 acres of land were of the reasonable market value and of the real value of $75 an acre before it was injured and damaged by the defendant railroad company as hereafter stated, and if it were not for said injuries and damages it would still be of the real and market value of $75 an acre, and that on account of and since said injury and damage, said land is worth in real and market value less than $20 an acre.

"The defendant's said right of way is about 100 feet wide, and at the places where it adjoins said two fields and continuously for many miles on each side of said fields, the said right of way is thickly covered with Johnson grass and other injurious weeds and the defendant I. & G. N. R. R. Co., has wrongfully, carelessly and negligently caused and permitted said right of way to grow up and become full of Johnson grass and other injurious weeds, and it was on the right of way of said I. & G. N. R. R. Co. that Johnson grass first got a start in that section of the country, all of which the defendant and its officers knew, and by the exercise of ordinary care could have known. The said I. & G. N. R. R. Co. wrongfully, carelessly and negligently permitted and still permits the said John-

son grass and other injurious weeds to mature and go to seed on its right of way contiguous to plaintiff's said fields and for several miles on each side thereof which it owns and controls, and the plaintiff Jacob Doeppenschmidt did not and does not permit Johnson grass to mature or go to seed upon his said land, which was free from Johnson grass and other injurious weeds until said fields of plaintiff were caused to become infested therewith as herein stated. That before the defendant's railroad was built the water did not gather and flow over the plaintiff's said fields as at present, and that said flooding of the plaintiff's land is caused by the construction of said railroad and the improper construction of the ditches.

"That until a few years ago there were ditches on the defendant's right of way along the side of the track where said two fields were situated, and that said ditches were there for many years and carried the water from along the right of way to creeks and ravines, so that the said water did not flow over the said fields of plaintiff. The defendant I. & G. N. R. R. Co., its agents and servants wrongfully, carelessly and negligently caused and permitted said ditches on said right of way along said fields to become filled up and obstructed, so that said ditches will still collect the water together from said right of way in a manner to become filled with seeds and roots of Johnson grass and other injurious weeds, but so that the said water can not flow off in said ditches to creeks and ravines as it formerly did, and so as to cause it to flow over the plaintiff's said fields and deposit the seed and roots of Johnson grass and other injurious weeds all over the plaintiff's said fields, so that the same will grow thereon; all of which did not occur before the said railroad was built or after it was built and before the said ditches were permitted or caused to be filled up by the defendant I. & G. N. R. R. Co., its agents and servants. The defendant, I. & G. N. R. R. Co., its agents and servants, wrongfully, carelessly and negligently threw dirt, rocks and rubbish into said ditches and dammed and filled them up in several places, so as to turn the water from its flow along the right of way over and onto the plaintiff's said two fields, so that the said water, carrying seeds and roots of Johnson grass and other injurious weeds, spread over said entire fields and deposited the said seed and roots thereon. The said water comes from the rains that fall on the defendant's right of way, where the same is covered all over with Johnson grass and other injurious weeds, and gathers and carries the said seeds and roots as it spreads over plaintiff's fields. That in this way, especially during the latter part of 1903 and early part of 1904, the said two fields have been made so foul with Johnson grass and other injurious weeds, especially Johnson grass, so that it is impossible to kill it out any more, and so as to make said fields practically worthless for farming purposes. Johnson grass is a very pernicious weed, which has the appearance of grass, and which grows in the fields so rank that it can hardly be kept down by cultivation, and has such a depressing effect on crops, that good crops can not be grown on land infested by it. It propagates by roots as well as by the seeds and the roots never die, but pierce so deep down in the earth that it

is practicably impossible to exterminate it. The said I. & G. N. R. R. Co. has Johnson grass thickly covering its right of way for miles, which matures and goes to seed and washes into the plaintiff's fields. All this is and was known to the defendant I. & G. N. R. R. Co. and its officers, and the aforesaid destruction and injury to plaintiff's fields is a malicious, oppressive and wanton act of defendant, showing an utter disregard for the plaintiff's rights, for which the defendant is liable to the plaintiff for exemplary damages.

"That the said water in overflowing the said fields, washed out gutters and injured the level surface in said fields, and washed away much rich soil therefrom.

"Infesting and besetting the plaintiff's said two fields of farming land with Johnson grass and other injurious weeds, was the natural and inevitable result from flowing the said fields with the aforesaid water, growing of Johnson grass and other injurious weeds on said right of way, and the maturing thereof and going to seed as aforesaid, and filling and permitting the ditches on the right of way to be filled and damming and obstructing them by defendant and its agents and servants as aforesaid, and the injuries aforesaid to the plaintiff's fields are direct and proximate result of said fields being overflowed with the water from defendant's right of way in the manner aforesaid, which caused said land to become infested and beset with Johnson grass and other injurious weeds, and damaged and injured, as aforesaid.

"That on account of the aforesaid injuries the said two fields of farming land became damaged and depreciated in its actual and market value to the amount of $55 an acre. That the real and market value of said land before said injuries was $75 an acre, and this would still be its real and market value if the said injuries had not been inflicted thereon. That the real and market value of said two fields of farm land since said injuries have been inflicted and their present real and market value is less than $20 an acre to the plaintiff's actual damage in the sum of $5,170." . . . Plaintiff further alleged in a supplemental petition that the actual damages to his fields caused by Johnson grass is $4,970, and by washing out gutters and by washing away the soil is $200. That the ditches along the side of the railroad track, before they were filled up as alleged, carried the water off so that it did not flow over the plaintiff's field for a period of more than ten years, and the plaintiff has a prescriptive right to have the water flow off through said ditches."

The special exceptions assert that the petition is wanting in particularity, and that no facts are pleaded which would authorize a recovery of exemplary damages. The petition is sufficient as to the matters complained of, and the special exceptions should have been overruled.

We also hold that error was committed in sustaining the general demurrer. The petition stated a cause of action under the statute, on account of the defendant's permitting Johnson grass to go to seed on its right of way, and thereby infesting the plaintiff's land with such grass. In Gulf, C. & S. F. Ry. Co. v. Stokes, 91 S. W. Rep., 328, this court held that so much of the statute referred to as authorizes

the recovery of damages is unconstitutional. Further consideration of that question in this case caused us to doubt the correctness of our former ruling, and we certified the question to the Supreme Court. Answering the question that court holds that the entire statute is valid, and the Stokes case is overruled.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*